[D.I. 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MILK INDUSTRY MANAGEMENT CORPORATION TRADING AS BALFORD FARMS,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>Defendant. | Civil No. 16-2403(NLH/AMD) |

# ORDER

This matter comes before the Court by way of the motion filed by Plaintiff Milk Industry Management Corporation (hereinafter, "Plaintiff") seeking a court order enforcing two subpoenas served on third parties -- J.S. Held LLC (hereinafter, "JS Held") and Liberty Mutual Insurance Company (hereinafter, "Liberty Mutual"). (See Motion to Compel Compliance with Third-Party Subpoenas (hereinafter, "Pl.'s Mot.") [D.I. 19].) No opposition to the pending motion has been filed, and the time within which to file opposition has expired. The Court decides this matter pursuant to Federal Rule of Civil Procedure 78(b), and

for the reasons set forth herein, the motion [D.I. 19] is denied without prejudice.

The present litigation arises from a warehouse fire at a Black Bear Distribution facility (the "Facility") that occurred on September 1, 2013. Plaintiff leased space in the Facility and asserts that it maintained business interruption coverage from Defendant Travelers Indemnity Company of America (hereinafter, "Travelers"). Plaintiff has filed this action seeking damages it claims is owed under the policy. Plaintiff assert that Travelers acknowledges coverage but disputes the amount of loss. (See Brief in Support of Motion to Compel Compliance with Third-Party Subpoenas (hereinafter, Pl.'s Br.) [D.I. 19-1], 2.) Specifically, Plaintiff claims that at issue is the "period of restoration" under the policy. Id. Plaintiff asserts that JS Held acted as a consultant for Travelers to evaluate a portion of the loss. Id. Plaintiff further asserts that Liberty Mutual also retained JS Held to evaluate claims from other companies in connection with the fire at the Facility. Id.

In the pending motion, Plaintiff seeks a court order compelling JS Held and Liberty Mutual to comply with separate subpoenas served upon them. Plaintiff alleges that on November 4, 2016, Plaintiff served a revised subpoena upon Liberty Mutual at a New Jersey address that Liberty Mutual had requested to be served following a prior subpoena served at Liberty Mutual's New York

address. (Pl.'s Br. [D.I. 19-1], 3.) Plaintiff further asserts that on November 3, 2016, Plaintiff served a subpoena upon JS Held at its Jericho, New York office. Plaintiff also asserts that it has communicated with representatives of both third parties, but both third parties have failed to comply with the subpoenas. (Id. at 3-4.) The subpoenas at issue are appended to the pending motion. (See Exhibit D to Declaration of Robyn Michaelson [D.I. 19-2], 36-45 on the docket; and Exhibit F [D.I. 19-2], 51-60 on the docket.) Each subpoena calls for production of documents at the New York City office of Blank Rome LLP, counsel for Plaintiff. See generally id.

Federal Rule of Civil Procedure 45 "governs demands upon nonparties for the production of persons or documents." Bell Inc. v. GE Lighting, LLC, No. 14-12, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014). Pursuant to Federal Rule of Civil Procedure 45, a subpoenaed party, even a non-party to the litigation, generally must respond to a subpoena's request. See generally FED. R. CIV. P. 45(e); see also FED. R. CIV. P. 34(c) (indicating non-parties may have to produce documents when subpoenaed in accordance with Rule 45). As set forth in Rule 45(a)(2), any subpoena commanding either the production of documents or the attendance of an individual at a deposition "must issue from the court where the action is pending." FED. R. CIV. P. 45(a)(2). Moreover, under Rule 45(d)(2)(B)(i), "[a]t any time, on notice to the commanded person,

the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Thus, "even though the subpoena must issue from the court where the action is pending, the court of compliance still presides over disputes concerning" the deponent's compliance with the subpoena. See Johnson v. Simmons, No. 13-205, 2015 WL 2155714, at *1 (S.D. Miss. May 7, 2015) (citations omitted). This requirement affords protection to "nonparties by ensuring the 'local resolution of disputes'" See JMC Restaurant Holdings, LLC v. Previda, No. 14-6157, 2015 WL 2240492 (E.D. N.Y. May 12, 2015) (citing advisory notes to 2013 Amendment to Rule 45).

Although Plaintiff's subpoenas were issued from the District of New Jersey — the district where the present action is pending — the subpoenas command the production of documents in New York City. (See generally Exhibits D and F to Declaration of Robyn Michaelson [D.I. 19-2], 36-45 and 51-60, respectively, on the docket.) Plaintiff is therefore seeking to enforce subpoenas in the District of New Jersey although compliance is required in the Southern District of New York. See id. Accordingly, "Plaintiff is attempting to enforce the subpoena in the wrong court." See Johnson, 2015 WL 2155714 at *2 (denying motion to compel compliance with a subpoena *duces tecum* where the subpoena required compliance in a district other than where the motion was filed); see also JMC Restaurant Holdings, LLC, 2015 WL 2240492 at *4 (denying motion to

compel when compliance under subpoena was set in Manhattan in Southern District of New York while case was pending in Eastern District of New York and noting that although the court of compliance and issuing court were separated by the 1.1 mile Brooklyn Bridge, plaintiff failed to identify "any authority permitting the Court to ignore a Federal Rule crafted to protect the interests of nonparties"). Thus, this Court lacks authority at this time to compel the nonparties to comply with subpoenas calling for attendance in New York City. Consequently, for the reasons set forth herein, and for good cause shown,

IT IS on this 10th day of January 2017,

**ORDERED** that Plaintiff's motion [D.I. 19] seeking a court order enforcing subpoena served upon Liberty Mutual and enforcing subpoena served upon JS Held shall be, and is hereby, **DENIED WITHOUT PREJUDICE**.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Noel L. Hillman